Osvaldo **GUZMAN–FLORES;**
et al., Petitioners,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–73066.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2006.*

Decided April 18, 2006.

Osvaldo Guzman–Flores, Bakersfield, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Osvaldo Guzman Flores and Gloria Guzman, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' dismissal of their appeal of an immigration judge's denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant impart and deny in part the petition for review.

The IJ determined that Gloria failed to meet the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) because she testified that she was outside the United States for an aggregate period of more than 180 days during the requisite ten year period. Gloria has waived any challenge to this determination by failing to address it in her opening brief. See Cuevas–Gaspar v. Gonzales, 430 F.3d 1013, 1021 n. 4 (9th Cir.2005). We therefore deny the petition for review as to Gloria.

The IJ determined that Osvaldo failed to meet the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) due to a voluntary departure in 1998. Osvaldo testified that immigration officials stopped him at a checkpoint in 1998, fingerprinted him, and permitted him to return voluntarily to Mexico.

We recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt the continuity of his physical presence in the United States. See Tapia v. Gonzales, 430 F.3d 997, 1002–1004 (9th Cir.2005). However, we previously held that an administrative voluntary departure in lieu of removal proceedings does constitute a break in continuous physical presence. See Vasquez–Lopez v. Ashcroft, 343 F.3d 961, 972 (9th Cir.2003) (per curiam).

On the record before us, we cannot determine whether Osvaldo's return to Mexico by immigration officials was the result of an administrative voluntary departure. Moreover, even assuming Osvaldo accepted administrative voluntary departure, the record is not sufficiently developed for us to determine whether Osvaldo knowingly and voluntarily accepted administrative voluntary departure. See Ibarra Flores v. Gonzales, 439 F.3d 614 (9th Cir.2006) (explaining that an agreement for voluntary departure should be enforced against an alien only when the alien has been informed of, and has knowingly and voluntarily consented to, the terms of the agreement).

Accordingly, we remand Osvaldo's case to the Board for further proceedings to determine his eligibility for cancellation of removal. On remand, both the government and Osvaldo are entitled to present additional evidence regarding any of the predicate eligibility requirements, including continuous physical presence.

**PETITION FOR REVIEW DENIED as to Gloria; PETITION FOR REVIEW**

---

GRANTED and REMANDED as to Osvaldo.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.